IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) RAY JONES AND RANDY CLEAVES, ) ) Defendants. ) | Case No. 3:23-cv-2602-RJD |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Strike Amended Answer pursuant to Rule 12(f) (Doc. 38). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion. Defendant Cleaves has until January 11, 2024, to file an amended answer to Plaintiff's Complaint that comports with the requirements of Fed R. Civ. P. 8(b).

## BACKGROUND

On July 26, 2023, Plaintiff filed this insurance coverage declaratory judgment action regarding an underlying suit between Defendants Randy Cleaves ("Cleaves") and Ray Jones ("Jones"). (Doc. 1). Defendant Jones was served on August 14, 2023, and his answer was due on September 5, 2023. (Doc. 10). Defendant Cleaves executed a waiver of service, and his answer was due on October 2, 2023. (Doc. 14). By October 12, 2023, neither of the Defendants had filed an answer, and the Court entered a Notice of Impending Dismissal, warning Plaintiff to move for an entry of default pursuant to Federal Rule of Civil Procedure 55(a) by November 2, 2023. (Docs. 15 & 27). On October 17, 2023, Attorney McCormack, untimely and without first entering his

1

appearance in this case, filed "Defendants Ray Jones and Randy Cleaves' Answer to Plaintiff's Complaint for Declaratory Judgment," which consists of the following three paragraphs:

1. Upon information and belief, Plaintiff's Complaint for Declaratory Judgement is a question of law which would not require a responsive pleading.

2. In the event a responsive pleading is required, Defendants respectfully deny each and every material allegation contained in Plaintiff's Complaint for Declaratory Judgement.

3. Furthermore, Defendants also request a hearing on the matter.

(Doc. 18). Contemporaneously with the untimely answer, Attorney McCormack further filed a Motion for Extension of Time to File Answer "seeking an additional 30 days to complete the investigation with regard to Plaintiff's Complaint for Declaratory Judgement and file an Answer" to which Plaintiff objected on October 19, 2023. (Doc. 19 & Doc. 21). On October 26, 2023, this Court entered an order granting Defendants an extension of time up to and including November 9, 2023, to file an answer. (Doc. 23). On October 30, 2023, Attorney McCormack entered his appearance only on behalf of Defendant Cleaves and also filed Cleaves' Amended Answer, which restates the three paragraphs of the initial answer verbatim. (Doc 30). On November 20, 2023, Plaintiff timely filed a Motion to Strike Cleaves' Amended Answer pursuant to Rule 12(f) and asked that all factual allegations asserted in the Complaint be deemed admitted. (Doc. 38). A response to the motion was due within fourteen days. (SDIL-LR 7.1(a)(5)). Cleaves did not respond to the motion. Pursuant to the Court's authority under Local Rule 7.1(a)(5), the absence of a response is considered an admission by Cleaves that Plaintiff's motion to strike has merit. (SDIL-LR 7.1(a)(5)).

## DISCUSSION

Under Rule 8(b)(3), "[a] party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does

not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3).  "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4).  Further, Rule 8(b)(2) requires a denial to "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).  Rule 10(b), in turn, requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  When a responsive pleading is required, allegations other than those relating to the amount of damages will be deemed admitted unless they are denied.  Fed. R. Civ. P. 8(b)(6).  Notably, Rule 11 provides that by filing a pleading, "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)

      The Court, upon motion or sua sponte, may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  As a general rule, motions to strike are disfavored and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party.  *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997).  The decision of whether to strike an insufficient defense under Rule 12(f) lies within the discretion of the trial court.  *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

Here, Cleaves argues that the entire Complaint is a legal conclusion that does not require an answer. (Doc. 30). In the alternative, he states that he generally denies all allegations of the Complaint. First, the Court rejects Cleaves' contention that the entire Complaint consists of legal conclusions. (*See, e.g.*, Complaint, ¶¶ 2-4, 6, 9-21, which clearly assert factual allegations). Further, as Plaintiff pointed out, Cleaves even denies paragraphs of the Complaint that recite Cleaves' own factual and jurisdictional allegations in the underlying action. (*See*, *e.g.,* Complaint, ¶¶ 3-4, 6, 9-13). Thus, the Court finds that Cleaves' general denial is not made in good faith and is thus an insufficient defense. The Court further finds that the general denial unduly prejudices Plaintiff in that it compels him to bear the burden and cost of proof of allegations that are not denied in good faith. (*See U.S. v. Long*, 10 F.R.D. 443, 444-45 (D. Neb. 1950)). However, due to the harsh consequences of having all factual allegations contained in the Complaint be deemed admitted, the Court will allow Cleaves an opportunity to file a second amended answer that comports with the requirements of Fed R. Civ. P. 8(b). Cleaves is **CAUTIONED** that he has already caused an undue delay in this litigation by failing to file a timely answer and by seeking a 30-day extension of time "to complete the investigation with regard to Plaintiff's Complaint for Declaratory Judgement and file an Answer" only to file a general denial identical to the one submitted prior to his request for extension of time. Accordingly, Cleaves is **WARNED** that failure to comply with this Order may result in factual allegations of the Complaint being deemed admitted and further sanctions being imposed pursuant to Rule 11(c). Fed. R. Civ. P. 11(c).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike Defendant's Answer (Doc. 38) is **GRANTED**. Defendant Cleaves has until January 11, 2024, to file an amended answer to Plaintiff's Complaint that comports with the requirements of Fed R. Civ. P. 8(b).

**IT IS SO ORDERED.**

**DATED:  January 4, 2024**

_s/ Reona J. Daly_
**Hon. Reona J. Daly**
**United States Magistrate Judge**